**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DALE R. HURD, | ) Case No. CV 20-3715-CJC (JPR) |
| Petitioner, | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND |
| | ) RECOMMENDATIONS OF U.S. |
| RALPH DIAZ, CDCR Secretary, | ) MAGISTRATE JUDGE |
| Respondent. | ) |

The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge, which recommends that judgment be entered denying the Petition and dismissing the action with prejudice. See 28 U.S.C. § 636(b)(1). Petitioner filed objections to the R. & R. on October 4, 2021; Respondent did not reply.

Most of Petitioner's objections simply reargue points made in his Petition. A few warrant discussion, however. Petitioner argues that the state court of appeal's reasoned decision rejecting his second ground for relief — that he was denied the right to testify in his own defense by the exclusion of his testimony about his wife's alleged statements (see Pet. at 6;

id., Mem. P. & A. at 53-64)[1] — is entitled to no deference because the court of appeal did not address the federal component of the claim (see Objs. at 3-5).

    This argument is meritless because the court of appeal explicitly found that excluding the testimony did not violate his "constitutional [due process] right" to present a complete defense or testify on his own behalf.  (See Lizarraga, Lodged Doc. 8 at 34 (alteration in original).)[2]  What's more, in reaching its finding that any alleged error was harmless, the court of appeal applied the prejudice standards for federal constitutional errors and state-law errors.  (See id. at 37 (assuming error of constitutional magnitude but finding no resulting prejudice under Chapman v. California, 386 U.S. 18, 24 (1967)); id. at 34-37 (holding that trial court misapplied state law in excluding testimony but finding no resulting prejudice under People v. Watson, 46 Cal. 2d 818, 836 (1956)).  Indeed, as noted in the 2017 Report and Recommendation rejecting this same claim, "[t]he [c]ourt of [a]ppeal found that the trial court's ruling was error but, 'under the facts of this case, it was not prejudicial under any standard of review.'"  (See Lodged Doc. 1 at 4 (quoting Lizarraga, Lodged Doc. 8 at 32) (emphasis

---

[1] For nonconsecutively paginated documents, the Court uses the pagination generated by its Case Management/Electronic Case Filing system.

[2] Citations to documents in "Lizarraga" refer to those lodged or filed in Hurd v. Lizarraga, No. CV 16-3427-CJC (JCG) (C.D. Cal. filed May 18, 2016).

added).)[3]

In a related argument, Petitioner contends that the 2017 Report and Recommendation's conclusion that he suffered no prejudice from the testimony's being excluded is erroneous because it was based in part on witness testimony that incorrectly and improperly relayed out-of-court statements from his son, Charlie. (See Objs. at 25-30.) The Court already addressed this objection when it accepted the 2017 Report and Recommendation, explaining why it was meritless. (See Lizarraga, Order Accepting R. & R. at 1-2, ECF No. 34.)

Petitioner offers no good reason to revisit it now. He claims the prosecutor "conce[ded]" that in fact Charlie never heard his mother say she refused to sign the divorce papers, and therefore the three witnesses' testimony that Charlie told them that was "misleading."[4] (Objs. at 29; see also id. at 25-31.) But the prosecutor made no such concession. Instead, he merely acknowledged that based on a witness's testimony at what appears

---

[3] As noted in the R. & R., the Ninth Circuit denied Petitioner's request for a certificate of appealability and the Supreme Court denied his petition for writ of certiorari. (R. & R. at 4.)

[4] In truth, only one witness – Charlie's uncle – testified that Charlie said he had heard his mother refuse to sign the divorce papers. (Compare Lizarraga, Lodged Doc. 3, 2 Rep.'s Tr. at 1036 (Charlie's uncle stating that he heard Charlie tell investigating detective that he "heard [his mother] say she wouldn't sign the papers"), with id. at 1022 (Charlie's neighbor testifying that after shooting, Charlie "said that Daddy tried to get Mommy to write something") & (id., 7 Rep.'s Tr. at 2541 (investigating detective testifying that "Charlie told me that Daddy was upstairs and Mommy was downstairs. Daddy called Mommy upstairs to write the papers. He told me he heard a gunshot from upstairs, heard Mommy scream, come down the stairs by herself.").)

to have been a hearing during Petitioner's second trial, in 1994, Charlie possibly only surmised that his mother refused to sign the divorce papers rather than having heard her refuse to do so. (See id. at 76 ("That is his conclusion.  I mean, he's digesting information and that is his conclusion.").)[5]  But during that same hearing, another witness – Charlie's uncle – testified that he heard Charlie tell an investigating detective that in fact he heard his mother refuse to sign the papers. (Id. at 68.)  The uncle's testimony at Petitioner's third trial was consistent with his 1994 testimony.  (See Lizarraga, Lodged Doc. 3, 2 Rep.'s Tr. at 1036.)  Petitioner has not shown that that testimony was false or that the prosecutor conceded that it or any of the witnesses' testimony concerning Charlie's out-of-court statements about his mother's murder was false or misleading.

Finally, Petitioner continues to maintain that California's financial-gain special-circumstance statute, California Penal Code section 190.2(a)(1), is unconstitutionally vague.  (See Objs. at 17-24.)  The R. & R. convincingly explained why it is not (see R. & R. at 12-14), and moreover after the R. & R. was issued the Ninth Circuit so held, foreclosing Petitioner's claim, see Noguera v. Davis, 5 F.4th 1020, 1053-54 (9th Cir. 2021).

---

[5] The Court is unable to set forth the prosecutor's complete statement on this issue because the relevant exhibit to Petitioner's Objections includes only a portion of it. (See Objs. at 76.)  It is clear from the portion of the transcript that Petitioner has included, however, that the prosecutor had additional thoughts on the issue. (See id.)  Indeed, the transcript cuts off precisely when the prosecutor was in the process of identifying "the appropriate way to handle" the issue. (Id.)

1    Having reviewed de novo those portions of the R. & R. to
2 which Petitioner objects, see 28 U.S.C. § 636(b)(1)(C), the Court
3 accepts the findings and recommendations of the Magistrate Judge.
4 It THEREFORE IS ORDERED that Judgment be entered denying the
5 Petition and dismissing this action with prejudice.

7 DATED: December 10, 2021

CORMAC J. CARNEY
U.S. DISTRICT JUDGE